IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-172-FL

| | | |
|---|---|---|
| MORGAN KELLY; PAMELA KELLY; and TERRY KELLY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

This matter comes before the court on defendant's motion for judgment on the pleadings (DE 25). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R") wherein it is recommended that defendant's motion be denied (DE 80). For the following reasons, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Where no party objects to the background and factual statements in the M&R, the court adopts and incorporates that portion here. In July, 2007, plaintiff Morgan Kelly, then a fifteen-year-old high school student, was a cadet in the Navy Junior Reserve Officer Training Corps ("NJROTC") program at her high school. As part of the program, she voluntarily attended an orientation visit to United States Marine Corps Base Camp Lejeune ("Camp Lejeune"). During that visit, plaintiff Morgan Kelly participated in scheduled training activities at the confidence course. On the last obstacle, called the "Slide for Life" ("SFL"), Morgan Kelly fell as she was climbing and

suffered injuries. This action, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq.

("FTCA"), followed wherein plaintiffs seek to recover damages for injuries suffered by the minor

plaintiff, as joined in by plaintiff Morgan Kelly's parents, Pamela Kelly and Terry Kelly.

## COURT'S DISCUSSION

A.    Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which

specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review

where a party makes only "general and conclusory objections that do not direct the court to a

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687

F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for

"clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life

& Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th

Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.    Analysis

In the instant motion for judgment on the pleadings, defendant asserts that all of the

government's allegedly negligent acts fall within the discretionary function exception to the FTCA,

and thus defendant is immune from suit. The two requirements for satisfying the discretionary

function exception are: (1) the governmental action at issue must involve "an element of judgment

or choice; and (2) the exercise of judgment at issue must be "based on considerations of public

policy." Baum v. United States, 986 F.2d 716, 720 (4th Cir. 1993) (internal quotation marks

omitted).

2

Plaintiffs filed objection as to analysis of the first prong. The M&R concludes that the government had discretion as to allowing, training and supervising children in NJROTC to use the SFL. Plaintiffs specifically object to how the documents, which plaintiffs assert mandate certain action by the government, are characterized as directed at others instead of informing the government's actions. See, e.g., Pls.' Obj. 3 (arguing that the Camp Lejeune Orientation Visit Information and Marine Corps Base Orientation Visit Training Events documents were not directed only to civilian visitors). The court, however, agrees with the finding in the M&R that these documents reflect guidance for visitors. See M&R 9-10. Plaintiffs urge the court to further re-examine other documents on the basis that they mandate nondiscretionary action on the part of the government. See e.g., Pls.' Obj. 8-9 (arguing that the document entitled "Camp Lejeune Commanding Officer's Safety Policy Statement" contains mandatory internal guidance). As discussed in the M&R, these documents do leave "discretion in terms of the safety principles" contained therein. M&R 11. The M&R thoughtfully examined the content and purpose of each document raised in plaintiffs' objection, and the court finds no reason to disturb that analysis here. Therefore, plaintiffs' objection is overruled and the court find that there was "an element of judgment or choice," in the governmental action at issue in this case. See Baum, 986 F.2d at 720.

Defendant filed objection as to the M&R's analysis of the second prong, which concludes that the exercise of judgment in this case was not based upon the public policy consideration of the military's role in national defense. Relying heavily on the vacated opinion in Hawes v. United States, 409 F.3d 213 (4th Cir. 2005), defendant argues that the government decisions as to whether to allow civilian minors to use the SFL, train or warn users in relation to use of the SFL, and provide supervision of such use of the SFL are all national defense determinations. Def.'s Obj. 2-9. Upon

3

re-examination of this issue, the court again finds the analysis in the M&R to be thorough and compelling. These activities, which are specifically directed at civilian children, fall outside of the realm of decisions that are purely in the interest of national defense. See C.H. v. United States, No. 5:11-CV-364-F, 2013 WL 2433461, at *5 (E.D.N.C. June 4, 2013). Therefore, defendant's objection is overruled and the analysis of the M&R is adopted in full.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendation of the magistrate judge (DE 80), and DENIES defendant's motion for judgment on the pleadings (DE 25). In accordance with the court's case management order issued February 25, 2011, and subsequently amended, the parties shall file a supplemental report **within ten (10) days** from date of entry of this order as to any need for additional discovery and suggested case deadlines.

SO ORDERED, this the 23rd day of September, 2013.

LOUISE W. FLANAGAN
United States District Judge

4